JMK/TD/MSA
F. #2017R01243

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       - against -                    Docket No.   17–CR-464 (JS)

MURIEL BESCOND,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT BASED ON IMPERMISSIBLE SELECTIVE PROSECUTION

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Timothy A. Duree
Trial Attorney

Matthew S. Amatruda
Assistant U.S. Attorney
(Of Counsel)

PRELIMINARY STATMENT

The government respectfully submits this memorandum of law in opposition to the Defendant Muriel Bescond's Motion to Dismiss the Indictment Based on Impermissible Selective Prosecution. ECF No. 12. The instant motion represents the defendant's second motion to dismiss despite being a fugitive and never having made an appearance in the case. As with her first motion, the defendant's current motion is procedurally improper and substantively meritless, and should be denied.

BACKGROUND

On August 24, 2017, the government filed an indictment against the defendant and her co-defendant Danielle Sindzingre charging one count of conspiracy to commit commodities fraud, in violation of 18 U.S.C. § 371, for her role in orchestrating a scheme to manipulate her employer Societe Generale's submissions for the London Interbank Offering Rate ("LIBOR"), a reference interest rate used in financial instruments worldwide. The indictment came after a long investigation, and the defendant was made immediately aware of the charges against her. Nonetheless, the defendant has elected to remain in her native France, where she is protected from extradition, rather than come to the United States to face the charges. See Extradition Treaty, U.S.-Fr, Apr. 23, 1997, at 5 (France does not extradite its own citizens, as "there is no obligation upon the Requested State to grant the extradition of a person who is a national of the Requested State").

DISCUSSION

Despite remaining a fugitive, the defendant has filed the instant motion seeking to dismiss the indictment on the grounds that it was the result of selective

1

prosecution based on her gender. The defendant's motion is procedurally improper and substantively meritless, and should be denied.

As a matter of procedure, the fugitive disentitlement doctrine, addressed in detail in the government's June 29, 2018 opposition to the defendant's first motion to dismiss, see ECF No. 10 at 3-9, precludes her from receiving consideration of any motion until she appears in the Eastern District of New York. See, e.g., Molinaro v. New Jersey, 396 U.S. 365, 366 (1970) (fugitive status "disentitles the defendant to call upon the resources of the Court for determination of his claims"). The Court should therefore deny the instant motion on the fugitive disentitlement doctrine alone.

The defendant's motion should also be denied because it is substantively meritless. Based only on speculation and the fact that she and her co-defendant happen to be women, the defendant asserts that she has been selectively prosecuted because of her gender. see ECF No. 12-1 at 11-16. The defendant's empty assertions are completely unavailing.

To establish a credible defense of selective prosecution, a defendant must first make out a prima facie basis for the claim. That is, a defendant must show that: (1) she was "singled out" such that "others similarly situated have not been proceeded against;" and (2) "the government's discriminatory selection . . . has been invidious or in bad faith." United States v. Fares, 978 F.2d 52, 59 (2d Cir. 1992). The defendant cannot make this showing here. Indeed, she offers no evidence to support her claim other than the fact that both defendants in the instant case are women, while male colleagues were not charged. Such evidence and conjecture fall far short of the showing necessary to make out a prima facie case of selective prosecution.

Furthermore, even if the defendant could make out a prima facie showing, which she cannot, the law is clear that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." United States v. Armstrong, 517 U.S. 456, 464 (1996) (internal quotation omitted). To overcome the prosecutor's discretion and establish a constitutional violation based on selective prosecution, a defendant must show that the government's actions were aimed "so exclusively against a particular class of persons with a mind so unequal and oppressive that the system of prosecution amounts to a practical denial of equal protection of the law." Id. at 464-65 (internal quotations omitted). Here, the government has acted in a wholly gender-neutral manner, and the defendant has been prosecuted for the uncontroversial reason that the government has proof beyond a reasonable doubt that she committed a crime in violation of United States law.

In fact, the government has conducted multiple investigations into LIBOR misconduct and brought criminal charges against numerous employees at several global banks who, like the defendant, conspired to falsify LIBOR submissions. See, e.g., United States v. Connolly, 16-CR-370-CM (May 31, 2016); United States v. Allen, 14-CR-272-JSR (S.D.N.Y. Oct. 16, 2014). In total, eighteen individuals have been charged, of which sixteen are men and the defendant and her co-defendant are the only women. Thus, where appropriate, the government has not hesitated to charge men with engaging in criminal LIBOR manipulation.

Because the defendant offers no evidence to support her claim other than the bare fact that she was charged, and her allegations do not establish that the government acted in an "unequal and oppressive" manner, her motion should be denied.

## CONCLUSION

For the foregoing reasons, the defendant's motion should be denied.

Dated:   Central Islip, New York
         July 20, 2018

                                          Respectfully submitted,

                                          RICHARD P. DONOGHUE
                                          UNITED STATES ATTORNEY
                                          Eastern District of New York
                                          271 Cadman Plaza East
                                          Brooklyn, New York 11201

                             By:   /s/ Timothy A. Duree
                                    Timothy A. Duree
                                    Trial Attorney
                                    United States Department of Justice
                                    Criminal Division, Fraud Section
                                    (202) 616-2660

                                    Matthew S. Amatruda
                                    Assistant United States Attorney
                                    (718) 254-7012

<u>CERTIFICATE OF SERVICE</u>

  I, Timothy A. Duree, hereby certify that on this 20th day of July, 2018, I caused a copy of this Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Indictment Based on Improper Selective Prosecution to be served on Laurence Shtasel and Laurent Cohen-Tanugi, attorneys for Defendant Muriel Bescond, by filing this document via the CM/ECF electronic filing system.

                <u>/s/ Timothy A. Duree</u>
                Timothy A. Duree